<u>**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | : CASE NO. 21-CR-624 (TSC) |
| | : |
| v. | : |
| | : |
| MICHAEL ELLIOTT, | : |
|     Defendant. | : |

<u>**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**</u>

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case. For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of incarceration of 24 months (2 years) to be followed by 120 months (10 years) of supervised release, with the conditions recommended by United States Office of Probation. Additionally, the defendant is required by statute to register as a sex offender. In support of this memorandum and recommendation, the government relies on the following points and authorities, and such other points and authorities that may be cited at the sentencing hearing.

**I.**     <u>**BACKGROUND**</u>

    **A.**     **Statement of Offense**

Between on or about May 18, 2018 and July 8, 2018 the defendant used a peer-to-peer ("P2P") file sharing network from his home in Washington D.C. to download child pornography, and to make available for download and sharing with others on the P2P network partially or completely downloaded files of child pornography he had on his computer. These files included:

1. A video with the title "Dez Choses/Linda,Liluplanet Babyj-flower Baby sucking doll/xilie6/1.mp4" that depicts a prepubescent male and female engaging in multiple sex acts with each other and the prepubescent female preforming oral sex on an adult male.

2. A video with the title "1st studio Siberian Mouse HD_127 M-IN-09).wmv" that depicts two juvenile females displaying their genitalia and one of the females using a

      vibrator on her genitalia.

3. A video with the title "1st-Studio Siberian Mouse Custom (NK_008).wmv" that depicts a juvenile female in the early stages of puberty and a female who is prepubescent. performing multiple sex acts on each other to include oral sex and penetration with a vibrator.

4. A video with the title "1st-Studio Siberian Mouse HD_114 (Mod-TA-TO-06).wmv" that depicts two juvenile females performing multiple sex acts on each other to include manual stimulation and penetration with a vibrator

5. A video with the title "Dez Choses/失少女天堂BYjiaghao@LAURA7—13YO/失少女天堂BYjiaghao@10Yo Laura (Anal Frontview Upclose 1, Pthc New 2007).mpg" that depicts a juvenile female in the early stages of puberty being vaginally penetrated by an adult male's penis.

6. A video with the title "1st-Studio Siberian Mouse HD_128 (M-ND-13).wmv" that depicts two juvenile females performing oral sex on each other

7. A video with the title "1st-Studio Siberian Mouse HD_124 (M-10).wmv" that depicts a juvenile female exposing her genitalia and digitally penetrating herself

Agents from the Federal Bureau of Investigation (FBI) used administrative subpoena returns as well as law enforcement and open source databases to confirm the identity of this P2P user as the Defendant, Michael Elliott.

In September 2018, law enforcement obtained a search warrant for the Defendant's residence, executed the search warrant, and recovered a number of electronic devices, to include the defendant's laptop computer and USB flash drive. A forensic review of these devices was undertaken pursuant to a search warrant. The review revealed evidence of the above child pornography files, and revealed additional child pornography files. Specifically, the defendant's USB flash drive contained additional files of child pornography to include:

1. A video with the title "youbob_hottest_hebe_n_jbs_0136.mp4" that depicts a juvenile female exposing her genitalia and inserting an item into her vagina

2. A video with the title "/!0816.MP4" that depicts two juvenile females performing multiple sex acts on each other including digital penetration and oral sex.

   3. A video with the title "1250.MP4" that depicts two juvenile females performing a number of sex acts on each other including digital penetration and oral sex.

   4. A video with the title "BestYoung3132s10.avi" that depicts two juvenile females lasciviously displaying their genitalia to the camera

   5. A video with the title "Young12173baits086.avi" that depicts two juvenile females lasciviously displaying their genitalia to the camera and penetrating themselves with a marker

B.   **Procedural Posture**

On October 8, 2021, the government filed an Information charging the defendant with one count of Possession of Child Pornography in violation of 18 U.S.C. Section 2252(a)(4)(B). The defendant agreed to plead guilty to that sole count, and the parties signed plea paperwork. On October 25, 2021, the defendant was arraigned on that count before your Honor and the case was set for a combined plea and sentencing on January 19, 2021.

II.   **SENTENCING CALCULATION**

   A. **Statutory Penalties**

The offense of Possession of Child Pornography, in violation 18 U.S.C. § 2252(a)(4)(B), carries a maximum sentence of 20 years imprisonment, a maximum fine of $250,000, and a term of supervised release of not less than five years and up to life pursuant to 18 U.S.C. § 3583. See Final Presentence Investigation Report filed January 11, 2022 (ECF 6) ("PSR") ¶¶ 5, 94, 112. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the defendant must pay a mandatory special assessment fee of $100 for the felony conviction payable to the Clerk of the United States District Court for the District of Columbia. See PSR ¶ 113.  The defendant must also register as a sex offender pursuant to 18 U.S.C. § 2250 and 34 U.S.C. §§ 20911(3), and 20915(a)(2).

### B. Sentencing Guidelines Range

All parties agree that the applicable Estimated Guidelines Range is 51 to 63 months incarceration. See PSR ¶¶ 7, 21-33, 95, 96. The base offense level is 18 pursuant to U.S.S.G. § 2G2.2(a)(1). The parties agree that several specific offense characteristics apply: the offense involved a prepubescent minor or minors under the age of 12 (+2); the offense involved the use of a computer or an interactive computer service (+2)); and the offense involved more than 600 images (+5). See id.

The defendant is entitled to a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Id. ¶ 31. The government requests that the defendant's level be decreased by an additional point pursuant to § 3E1.1(b), as the defendant timely notified authorities of his intention to enter a guilty plea and thus permitted the government and the Court to preserve resources. Id. ¶ 32. With these adjustments, the defendant's total offense level is 24.

The defendant has a total criminal history score of zero points. Id. ¶ 36. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I. With a total offense level of 24 and a criminal history category of I, the defendant's recommended guideline sentencing range is 51 to 63 months, and a supervised release range of 5 years to life, and an guidelines fine range of $20,000 to $200,000. Id. ¶¶ 95, 101, 114.

### III.  GOVERNMENT'S RECOMMENDATION

#### A.  Application of the Federal Sentencing Guidelines

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the

Court invalidated the statutory provision that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1). Booker, 125 S. Ct. at 756.

In post-Booker cases, the Supreme Court has stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See United States v. Gall, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.") After giving both parties an opportunity to argue for an appropriate sentence, the district court should then consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). Id. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the kinds of sentences available (18 U.S.C. § 3553(a)(3)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)); and the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

   B.   **Basis for the Government's Recommendation**

Given the particular circumstances of this case, the government submits that a sentence of 24 months incarceration, to be followed by 120 months supervised release, and the specific conditions of supervision recommended by the United States Office of Probation is appropriate and warranted based on the factors outlined in 18 U.S.C. § 3553(a). The recommended sentence, which is significantly below the low end of the estimated sentencing guideline range, is

sufficient, but not greater than necessary to accomplish the purposes of sentencing. Given the serious nature of the defendant's conduct in this case and his risk to the community from re-offense, balanced against his lack of criminal history, and early acceptance of responsibility, the government believes this is an appropriate sentence.

1.  **Nature and Circumstances of the Offense**

As the court is well aware, the defendant's possession of child pornography is a serious offense. This is so not just because of Congress' designation of it as such and imposition of high guideline ranges in the United States Sentencing Guidelines. As many courts have recognized, "[It is an] undeniable fact that real children are actually being abused and violated when pornographic images are made. Without a market for such images, and without a strong appetite for more and more images exhibited by [defendant] and similarly situated defendants, there would be far fewer children who are injured and criminally assaulted in this way." United States v. Miller, 665 F.3d 114, 123 (5th Cir. 2011).

In this case, the child pornography that the defendant downloaded and possessed was particularly heinous, including videos showing pre-pubescent children performing sexual acts on each other. Moreover, the defendant did not do so only on one occasion. Rather he repeatedly downloaded the material over a nearly two-month period in the charged conduct.

**2. Defendant's History and Characteristics**

The government notes that the defendant has no criminal history, and this was certainly a consideration in the government's plea agreement and allocution herein. However, as the Court is also well aware, a lack of criminal history is common in child pornography cases such as these, and often does not tell the whole story. Defendants in these cases often carry on a "normal" life a manner that obscures the danger they present. Likewise, the electronic-based

nature of their criminal offense often allows them to more easily evade detection and engage in criminal behavior for a longer period than is reflected in their criminal history. The defendant appears to fit this mold.

He is a gainfully employed college graduate who is married and apparently benefits from strong family and community support. Nonetheless, he was able to hide this child exploitative behavior for an indeterminate period of time, and given that he still possessed child pornography at the time of the search warrant execution, likely only ceased the behavior because he was discovered by law enforcement.

### 3. Punishment, Deterrence, Protection, and Correction

The sentencing court "shall impose a sentence sufficient, but not greater than necessary" to comply with the need for a sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The government's recommended sentence is sufficient, but not greater than necessary, to provide just punishment for the defendant's offenses. The defendant's downloading and possession of child pornography is harmful to society at large, as well as the specific child victims, and warrants a sentence of imprisonment. As a matter of general deterrence, a sentence of incarceration signals that trafficking in child pornography represents a serious crime that cannot be tolerated. As a matter of specific deterrence, a prison sentence is appropriate and necessary to deter the defendant from committing future child exploitation crimes.

As to the specific term of 24 months incarceration recommended, the government believes that this is an appropriate sentence on balance. On the one hand, the defendant has no criminal history, agreed to plead guilty early, appears to express genuine remorse, and has family care obligations, all of which supports leniency. Moreover, the government recognizes the sentencing commission's findings and the policy arguments regarding the sentencing guidelines for child pornography offenses. On the other hand, the defendant downloaded heinous child pornography videos on multiple instances, stored them on devices, and retained them until the moment he was discovered by law enforcement. This warrants a serious penalty.

Furthermore, a term of 10 years supervised release, with specific conditions recommended by the probation office, is crucial to ensuring that the defendant receives continued support and that he does not commit similar offenses in the future. [1]

**4. Available Sentences**

The defendant should be sentenced to a term of incarceration, as he is ineligible for probation based on the applicable guideline range. See PSR ¶ 109. In addition, the court should impose a lengthy term of supervised release to ensure that the defendant does not re-offend. The conditions of supervised release should include: sex offender evaluation and treatment, restrictions on direct contact with minors, monitoring of the defendant's use of the Internet, computers, and any other Internet-capable devices, as well as any other special conditions recommended by the United States Office of Probation in the PSR and at sentencing.

**CONCLUSION**

WHEREFORE, for all of the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of 24 months, to be followed by 10

---

[1] While the government acknowledges, and does not dispute, the findings of the defendant-sponsored evaluations that the defendant presents limited risk of future hands-on sexual abuse, the download and possession of child pornography itself is a harm, and the government has continuing concerns regarding recidivism in that manner.

years of supervised release, with the recommended conditions of supervision. The defendant is further required by statute to register as a sex offender.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

_____/s/_____
Nicholas Miranda
Assistant United States Attorney
D.C. Bar 995769
555 4th Street, N.W., Room 1-905
Washington, D.C. 20530
(202) 252-7011
Nicholas.Miranda@usdoj.gov